## ZANG v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. APPEAL AND ERROR (§ 1001*)—REVIEW—QUESTIONS OF FACT.

The weight to be given to plaintiff's testimony, though it was far from satisfactory, was essentially a matter for the jury, with whose verdict the Appellate Division is not disposed to interfere if the evidence, viewed from the standpoint most favorable to plaintiff, supports the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. STREET RAILROADS (§ 114*)—ACTIONS FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries to an infant struck by one of the horses drawing a street car, the mere happening of the accident was not sufficient evidence of negligence, and hence, where the fact that plaintiff was not more seriously injured showed that the driver was not proceeding at an unreasonable rate of speed and that he had his car well under control, a verdict for plaintiff could not be sustained.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–250; Dec. Dig. § 114.*]

3. APPEAL AND ERROR (§ 294*)—RESERVATION OF GROUNDS OF REVIEW—MOTION FOR A NEW TRIAL.

Where no motion is made to dismiss the complaint, the insufficiency of the evidence to sustain the verdict is brought up upon the motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1724, 1725, 1727–1735; Dec. Dig. § 294.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, New York County.

Action by Rosie Zang, an infant, by Tillie Zang, her guardian ad litem, against Adrian H. Joline and another, as receivers of the Metropolitan Street Railway Company. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Frederick J. Moses, of New York City, for appellants.

John V. Bouvier, of New York City, for respondent.

SCOTT, J. [1] This is an action for damages suffered by the infant plaintiff through being struck and knocked down by one of a team of horses drawing a street car operated by defendant. The character of the testimony offered by plaintiff was far from satisfactory, but the weight to be given to it was essentially a matter for the jury, with whose verdict we should not be disposed to interfere, if the evidence, such as it was, from a standpoint most favorable to the plaintiff, disclosed any culpable negligence on the part of defendant's servant.

[2] It is a well-established rule that the mere happening of the accident is not sufficient to establish negligence, and there is no other evidence thereof in the present case. That the driver of the car was not proceeding at an unreasonable rate of speed, and that he had his car well under control, is very satisfactorily established by the fact that plaintiff was not much more seriously injured.

[3] If a motion had been made for a dismissal of the complaint upon this ground, the court might well have granted it. In the absence of such a motion, the insufficiency of the evidence to sustain the verdict was brought up upon the motion for a new trial, which as we think should have been granted.

Judgment and order appealed from reversed, and new trial granted, with costs to appellant to abide the event. All concur.

---

### In re BRAKER'S ESTATE.
#### Appeal of FLETCHER.

(Supreme Court, Appellate Division, First Department. October 17, 1913.)

1. APPEAL AND ERROR (§ 373*)—UNDERTAKING ON APPEAL—NECESSITY.

Under Code Civ. Proc. § 2577, providing that, to render a notice of appeal effectual for any purpose, except as provided, appellant must give a written undertaking for payment of costs as provided, the appeal was not effectual where no undertaking was given; the case not coming within any statutory exception.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2001–2004; Dec. Dig. § 373.*]

2. COURTS (§ 202*)—PROBATE APPEAL—FILING PAPERS.

The surrogate had no authority to relieve from a default in filing the papers on appeal to the Appellate Division.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 480–486; Dec. Dig. § 202.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes